**WYCKOFF, Plaintiff,**

v.

**FOREST CITY AUTO PARTS COMPANY, Defendant.**

No. 93 CV 2318.

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 21, 1996.

Ellen Simon Sack, Michael T. Pearson, Spangenberg, Shibley, Lancione & Liber, Cleveland, OH, for plaintiff.

Daniel M. McIntyre, John T. Billick, Buckingham, Doolittle & Burroughs, Akron, OH, for defendant.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter comes before the Court upon Defendant Forest City Auto Parts Company's ("Forest City") Motion for Partial Reconsideration (document no. 61). Defendant's motion is **denied in part** and **granted in part.** With respect to Plaintiff's first and second causes of action, based on the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a), and Ohio Revised Code § 4112.02(A) respectively, Defendant's motion is **denied.** With respect to Plaintiff's third cause of action, a common law tort claim based on Ohio public policy, Defendant's motion is **granted.**

Plaintiff filed his complaint on October 28, 1993 and his case was assigned to Judge Ann Aldrich. Plaintiff's complaint contained three claims, brought against his former employer, Forest City; each asserted discriminatory demotion and discharge by Defendant, based on Plaintiff's disability. The first cause of action alleged discriminatory demotion and discharge of Plaintiff by Defendant, in violation of the ADA, 42 U.S.C. § 12101. The second cause of action alleged discriminatory demotion and discharge of Plaintiff by Defendant, in violation of Ohio Revised Code § 4112. The third cause of action alleged a common law tort claim, based on Ohio public policy, for said discriminatory conduct by Defendant.

On January 31, 1995, Defendant filed a Motion for Summary Judgment. On May 15, 1995, after other motion papers were properly filed, Judge Aldrich issued a Memorandum and Order deciding the motion. The judge granted Defendant's summary judgment mo-

tion only as to Plaintiff's demotion claim under the ADA, but denied Defendant's motion as to all of Plaintiff's other claims. Therefore, the demotion claims of Plaintiff's second and third causes of action survived Defendant's motion; the discharge claims of all three of Plaintiff's causes of action similarly survived Plaintiff's motion.

On July 7, 1995, the case was reassigned to this Court. No motions were made by either party between the time of Judge Aldrich's order and the reassignment of this case. This Court held a status conference for the case on August 14, 1995. At that conference, the Court granted oral leave to Defendant to file a motion for reconsideration of Judge's Aldrich's order. On September 1, 1995, Defendant filed the above Motion for Partial Reconsideration.

### Law of the Case Doctrine

In this Court's reconsideration of Defendant's Motion for Summary Judgment, initially decided by Judge Aldrich, the doctrine of "law of the case" applies. The Sixth Circuit has addressed this doctrine at length:

'Unlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Law of the case directs a court's discretion, it does not limit the tribunal's power.'

*Cale v. Johnson,* 861 F.2d 943, 947 (6th Cir. 1988) (footnote omitted) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)). In *Cale,* the Sixth Circuit went on to cite Wright's 18 C. Wright, A. Miller, E. Cooper *Federal Practice and Procedure,* § 4478 on the law of the case doctrine:

'The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice....

*A wide degree of freedom is often appropriate when the same question is presented to different judges of a single district court.* To be sure, unfettered reexamina-

tion would unduly encourage efforts to shop rulings from one judge to another, and might seem an undesirable denial of comity between colleagues, [sic] Substantial freedom is desirable nonetheless, particularly since continued proceedings may often provide a much improved foundation for deciding the same issue. Thus it has often been ruled that denial of a motion for summary judgment by one judge does not foreclose grant of summary judgment by another judge, and other preliminary matters are often reopened.'

*Cale v. Johnson,* 861 F.2d at 947 (emphasis added). To further supplement the above discussion, the Sixth Circuit likened the situation before it in *Cale* to a Second Circuit Court of Appeals decision, *Corporacion de Mercadeo Agricola v. Mellon Bank International,* 608 F.2d 43 (2d Cir.1979). In that case, the Second Circuit examined whether the second district judge assigned to a case was bound to follow the previous district judge's denial of a summary judgment motion; in other words, whether the denial of that motion had become the law of the case and "must be accepted thereafter without reexamination." *Cale v. Johnson,* 861 F.2d at 947. The Second Circuit held that:

'[O]n a renewed motion for summary judgment before a second judge, the district court must balance the need for finality against the forcefulness of any new evidence and the demands of justice.... *A fortiori,* if the first judge can change his mind after denying summary judgment, and change his ruling, a second judge should have and does have the power to do so as well.'

*Cale v. Johnson,* 861 F.2d at 948 (quoting *Corporacion de Mercadeo Agricola v. Mellon Bank International,* 608 F.2d at 48). The Sixth Circuit, on the basis of these holdings, held that "if the demands of justice require, [the second district court in the above situation] may simply change its mind." *Id.*

### Defendant's Motion for Partial Reconsideration

Turning to the substantive question in this case, this Court has reviewed in depth Judge

Aldrich's Memorandum and Order as well as both parties' motion papers. This Court concurs with Judge Aldrich's decision in all respects, with the exception of her holding concerning Plaintiff's claims under Ohio public policy. Case law subsequent to that upon which Judge Aldrich based her decision necessitates this modification. Therefore, Defendant's Motion for Partial Reconsideration is granted with respect to Plaintiff's third cause of action, and denied as to Plaintiff's other causes of action, in accordance with Judge Aldrich's Memorandum and Order.

This Court's dismissal of Plaintiff's third cause of action, his common law claim, is predicated on the availability of statutory remedies. Plaintiff is not, under the case law of the Sixth Circuit, the Northern District of Ohio and the Ohio Supreme Court, simultaneously entitled to relief under federal and state statutes as well as the common law. Therefore, Plaintiff may pursue claims for relief based on discrimination under both federal and state statutes; he may not, in addition to those, receive common law relief.

### Common Law Relief in Addition to Relief under O.R.C. § 4112.02(A)

▮ Judge Aldrich based her May 15, 1995 decision regarding Plaintiff's third claim on *Helmick v. Cincinnati Word Processing,* 45 Ohio St.3d 131, 543 N.E.2d 1212 (1989). In that case, the Ohio Supreme Court held that O.R.C. § 4112 does not bar "the pursuit of common-law remedies for injuries arising out of sexual misconduct." *Id.* at 133, 543 N.E.2d 1212. In other words, the Court ruled that victims of alleged sexual discrimination could pursue both claims arising under the statute and those arising under common law. However, it appears that *Helmick* did not, like the instant case, involve the *simultaneous* pursuit of these two types of remedies. Relying on *Helmick,* Judge Aldrich nevertheless found that, "[s]ince nothing suggests that the pursuit of both a common law and a statutory remedy would be improper, Wyckoff is entitled to bring his action under O.R.C. § 4112 and Ohio public policy." (Memorandum and Order at 10). Accordingly, she denied that part of Forest City's

motion for summary judgment which addressed Wyckoff's public policy claim.

In a decision subsequent to *Helmick,* the Ohio Supreme Court addressed the more precise issue in this case; it examined the contemporaneous initiation of claims for statutory and common law relief. It held that a plaintiff alleging discrimination may not pursue a cause of action for violation of public policy when reasonably satisfactory statutory remedies exist to address the harm. *See Provens v. Stark County Board of Mental Retardation,* 64 Ohio St.3d 252, 594 N.E.2d 959 (1992). In *Provens,* the Court held that a public employee did not have a private cause of action under the Ohio Constitution because O.R.C. § 4112 provided adequate relief by "statutory enactment and administrative process." *Id.* Therefore, the Court proscribed a double remedy for victims of alleged discriminatory conduct.

The Court in *Provens* did not mention its decision in *Helmick,* but did distinguish its decision from a holding in a notable prior case, *Greeley v. Miami Valley Maintenance Contrs., Inc.,* 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). It characterized the "narrow issue" in the *Greeley* case as:

> whether an employee discharged in violation of R.C. 3113.213(D), prohibiting an employer from discharging or disciplining an employee on the basis of a wage withholding order, could maintain a wrongful discharge action where the statute did not expressly authorize such an action.

*Provens v. Stark County Board of Mental Retardation,* 64 Ohio St.3d at 261, 594 N.E.2d 959. Finding that the legislature could not have intended to leave a victim of employment discrimination without any remedy, the Court found that public policy warranted an "exception to the employment-at-will doctrine when an employee is discharged for a reason which is prohibited by statute." *Gall v. Quaker City Castings, Inc.,* 874 F.Supp. 161 (N.D.Ohio 1995). The *Greeley* decision was distinct from *Provens,* in that *Greeley* "limited its holding to a public policy enunciated in a statute, and not the Ohio Constitution." *Provens,* 64 Ohio St.3d at 261, 594 N.E.2d 959.

■ Unlike the plaintiff in *Greeley*, Wyckoff in this third cause of action is seeking relief under Ohio public policy, and not relief under statutory public policy. Where statutes enacted regarding discrimination in the workplace serve as legislative statements of public policy, as here, "[j]udicial policy preferences may not be used to override [such] enactments." *Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (1994). Accordingly, the legislature, not the courts, "should be the final arbiter of public policy." *Id.* at 385, 639 N.E.2d 51. Therefore, where the legislature by way of statute has articulated public policy and provided an adequate remedy, a court should not override that mandate and award common law relief. *See Gall v. Quaker City Castings, Inc.*, 874 F.Supp. at 164. Consistent with this reasoning, the *Provens* Court denied relief under both statutory and common law, where the relevant statute provided an adequate remedy.

Plaintiff provided this Court with the most recent Ohio Supreme Court decision in this line of cases, *Collins v. Rizkana*, 73 Ohio St.3d 65, 652 N.E.2d 653 (1995). The issue before the Court in *Collins* was "whether Ohio should recognize a common law tort claim for wrongful discharge in violation of public policy based upon alleged sexual harassment/discrimination." *Id.* at 67, 652 N.E.2d 653. *Collins* is not dispositive for two reasons. First, despite Plaintiff's assertion to the contrary, the Court in *Collins* did not hold that a plaintiff is entitled to *both* statutory and common law relief for alleged discriminatory discharge. That Court simply found that a common law claim for relief for sexual harassment was, as a general matter, available. Referring to its decision in *Helmick v. Cincinnati Word Processing*, 45 Ohio St.3d at 131, 543 N.E.2d 1212 (1989), the Court reiterated that, " '[a]llowing a plaintiff to pursue common-law remedies *in lieu of* the relief provided under R.C. Chapter 4112 creates no conflict and serves to supplement the limited protection and coverage of that chapter.' " *Id.* at 135, 543 N.E.2d 1212 (emphasis added). The Court did not authorize contemporaneous remedies under both the statute and common law. In fact, the Court found that, "the issue of whether the availability of remedies should defeat a wrongful discharge claim is irrelevant and need not be decided in this case." *Id.* The *Collins* decision adds nothing new to the relevant body of case law, and therefore fails to aid Plaintiff. Second, *Collins* is factually distinguishable from the instant case. Statutory relief was unavailable to the *Collins* plaintiff; by contrast, Wyckoff has effective statutory remedies available to him, specifically under his present first and second causes of action. Thus there is no need, as there was in the *Greeley* case, to explore possible common law remedies. Moreover, there is no judicial or legislative mandate which necessitates any such exploration.

Therefore, pursuant to recent holdings of the Ohio Supreme Court, this Court finds that Wyckoff is not entitled to relief under the common law beyond his claims for statutory relief under O.R.C. § 4112.02(A).

### Common Law Relief in Addition to Relief under the ADA, 42 U.S.C. § 12112(a)

■ Employing the reasoning outlined above, a federal court in this district recently issued an opinion regarding the availability of a cause of action for wrongful discharge based on public policy. *See Gall v. Quaker City Castings, Inc.*, 874 F.Supp. at 161. In *Gall*, the plaintiff sought common law relief where federal statutory remedies under the ADA already existed. The district court examined *Greeley* and its progeny to determine the viability of simultaneous statutory and common law relief. After scrutinizing the Ohio Supreme Court's reasoning in those cases, the Court held that, "Congress has obviously spoken on the issue of handicap discrimination ... in the workplace by enacting comprehensive statutes as legislative statements of public policy in this area." *Id.* at 164. Accordingly, the Court refused to "override the [legislative] scheme on the basis of its own policy preferences." *Gall*, 874 F.Supp. at 164. As a result, the district court denied the plaintiff common law relief.

Consistent with the holding of the district court in *Gall*, this Court finds that Wyckoff is similarly denied relief under the common law beyond his claims for statutory relief under the ADA, 42 U.S.C. § 12112(a). Accordingly,

his third cause of action is removed from this case.

### Conclusion

For the foregoing reasons, Defendant Forest City Auto Parts Company's Motion for Partial Reconsideration (document no. 61) is **denied** with respect to Plaintiff's first and second causes of action, based on the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a), and Ohio Revised Code § 4112.02(A) respectively. Defendant's motion is **granted** as to Plaintiff's third cause of action, a common law tort claim based on Ohio public policy.

IT IS SO ORDERED.